UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE 1,

                    Plaintiff,

vs.

MATTHEW WEISS; the REGENTS
OF THE UNIVERSITY OF
MICHIGAN; the UNIVERSITY OF
MICHIGAN; KEFFER
DEVELOPMENT SERVICES, LLC,

                    Defendants.

Case No. ___
Hon. _____
Mag.


*Jury Trial Demanded*

---

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

---

1

Plaintiff, JANE DOE 1 ("Plaintiff" or "Plaintiff(s)), through her attorneys, Buckfire Law Firm, for her Complaint against MATTHEW WEISS, the REGENTS OF THE UNIVERSITY OF MICHIGAN, the UNIVERSITY OF MICHIGAN, and KEFFER DEVELOPMENT SERVICES, LLC, states as follows:

## THE PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff Jane Doe 1 was a student athlete at the University of Michigan between 2012 and 2016 and was a member of a University of Michigan Women's sports team.

2.     Plaintiff Jane Doe 1 is domiciled in the State of Texas.

3.     The Regents of the University of Michigan (the "Regents") is a corporate entity,

with the right to be sued, and is responsible for governing the University of Michigan, pursuant to Mich. Comp. Laws § 390.3 and § 390.4.

4.     The University of Michigan (the "University") is a public university organized and existing under the laws of the State of Michigan.

5.     The University has received and continues to receive state financial assistance and is therefore, among other reasons, subject to the laws of the State of Michigan.

6.     Keffer Development Services, LLC ("Keffer") is a Pennsylvania limited liability company that has continuously and systematically done business in the State of Michigan through its direct providing of services to residents and entities

2

within the State of Michigan, thereby purposefully availing itself of protections of the laws of the State of Michigan.

7.      Keffer's misconduct and legal failures as detailed in this Complaint occurred specifically with respect to the Plaintiff(s) who reside in Michigan, resided in Michigan or were otherwise subject to Keffer's misconduct during the time of the incidents alleged in this Complaint.

8.      Matthew Weiss is an individual who resides in Michigan or resided in Michigan at the time of the alleged misconduct.

## JURISDICTION

9.      Jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1367 because this matter involves a cause of action under the Stored Communications Act, 18 U.S.C. § 2701(a) *et seq.;* the Computer Fraud and Abuse Act, 18 U.S.C. §1030; Title IX, 20 U.S.C. § 1681(A) *et seq*.; 42 U.S.C. § 1983; the Fourth Amendment of the U.S. Constitution; and the Fourteenth Amendment of the U.S. Constitution, and the court has supplemental jurisdiction of the other causes of action under 28 U.S.C. §1367(a).

10.      Venue is appropriate in this district under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to these claims occurred in this district and Defendants are subject to personal jurisdiction in this district.

11.      Plaintiff(s)' injuries are redressable by monetary compensation.

## <u>COMMON ALLEGATIONS</u>

12.      Weiss was employed by the University of Michigan between approximately

3

2021 and 2023.

13.     Weiss's actions were in furtherance of his job duties for the University.

14.     The Regents had a responsibility and duty to ensure that the University operates with integrity and care for the students and others.

15.     Keffer had a responsibility and duty to protect the private data of student athletes and others stored within their database and to have mechanisms in place to prevent such an invasion of privacy and other conduct occurred in this case.

16.      The Regents breached that duty by failing to supervise and monitor Weiss and as a result Plaintiff(s) and thousands of others have had their privacy illegally invaded.

17.     The Regents are also responsible for overseeing the University's operations, finances, and policy, including approving budgets, tuition rates, IT policies, and construction projects.

18.     The Regents also failed in that duty by failing to consider, implement, or follow a policy to oversee how or whether the University conducted its operations in a manner that would have in any manner monitored, supervised, and ensured that retention and employment of Weiss would not result in a breach of the privacy Plaintiff(s) and others entrusted to the University.

19.     The Regents also failed in that duty by failing to take any action much less consider means by which to prevent the harm caused to Plaintiff(s) and others as alleged in this Complaint.

4

20.     The Regents were supposed to, but failed, to establish University policies, including monitoring of personnel, such as Weiss, so that students and others on the campus or off campus were protected from their privacy being invaded through electronic or other means.

21.     The Regents were required but failed to ensure that the University offered services such as to have student athletes and others be able to be treated by athletic professionals and others do not invade their privacy and to ensure that students and others electronic media was secure from invastion by unauthroized third-parties.

22.     The Regents recklessly failed to ensure media and information of and pertaining to student athletes and others including but not limited to Plaintiff(s) was safely secured because Plaintiff(s) and others similar to them entrusted the Regents to do so.

23.     The Regents had an obligation to support Plaintiff(s), and to develop the campus, its operations including student services, IT policies and procedures, among others, in a way that considered having and executing security measures to protect the personal, private, and intimate images and information of the Plaintiff(s) and others similar to them.

24.     The Regents breached those duties because they failed to consider or implement any security measures to protect the personal, private, and intimate images and information of the Plaintiff(s) and others similar to them.

5

25.     The Regents were responsible for financial oversight of the University but failed to prudently exercise that duty because they placed avoiding cost of learning, having, and implementing security measures to protect the personal, private, and intimate images and information of the Plaintiff(s) and others similar to them, as more important than incurring the cost of establishing and paying for programs to so implement safety policies, and to monitor and ensure student safety including information electronically stored.

26.     The Regents are supposed to regulate all three U-M campuses but failed to do so by failing to consider or implement any policies to review, discover, or prevent the willful invasions of privacy committed by Weiss as a result of the access the University provided to him to so invade the privacy of the student athletes including but not limited to Plaintiff(s) who entrusted themselves to the University and the Regents.

27.     The University itself had all of the same duties as the Regents.

28.     The University itself breached all of the same duties and in the same and/or similar manners as the Regents.

29.     The Plaintiff(s) and others like them entrusted the University to safeguard their bodily images and other electronically stored or accessible information.

30.     The University breached the heightened duty it had and recklessly permitted Weiss to invade the Plaintiff(s)' privacy and likewise for their student

6

athlete peers and expose them and their intimate images.

31.     The Regents also had and breached general supervision privileges and obligations to "control" and "direct" all expenditures of funds but failed to ensure any of the funds given or available to the University were used to study, select, and implement safety measures to protect student athletes', and others private and personal body images and information, particularly female athletes, while at the same time spending money on other expenses that are wholly unrelated to student athlete, and others health, safety, and privacy.

32.     The University employed Weiss.

33.     The University controlled Weiss.

34.     The University assigned and directed job duties to and upon Weiss.

35.     Those job duties and direction directly resulted in Weiss accessing private, personal, intimate images and information of Plaintiff(s) and others similar to them, all of which were private, and entrusted to be safeguarded by the university and its agents.

36.     The University took no action to monitor Weiss despite providing him with the ability and means to invade Plaintiff(s)' privacy and the privacy of others.

37.     The University breached the confidences that Plaintiff(s) and others similar to Plaintiff(s) entrusted to the University and did so by providing Weiss with the electronic credentials and ability to track and spy on students athletes including Plaintiff(s), and to use those credentials to invade Plaintiff(s)' private lives and

7

obtain and use images of them and personal information relating to them.

38.     With no University supervision, and during execution of his official duties as an employee of the University, Weiss invaded Plaintiff(s)' privacy and the privacy of others in similar postures through means provided to Weiss by the University.

39.     The misconduct, recklessness, and bad acts of the Regents, the University, and Weiss also included and involved Keffer.

40.     Keffer's misconduct, negligence, and recklessness also contributed to Weiss invading the privacy of Plaintiff(s) and their fellow student athletes and others.

41.     Keffer had an express obligation to safeguard and protect the personal, private, and intimate images and information entrusted to Keffer by Plaintiff(s) and others similar to them.

42.     Keffer agreed to safely maintain and store information, images, expressions, and videos of Plaintiff(s) and their peers in secure manner, free from access from employees of the University such as Weiss or other unauthorized third parties.

43.     Keffer knew that the images and information of Plaintiff(s) and others similar to them would include personal, private, and intimate information.

44.     Keffer knowingly and intentionally took on the obligation to safeguard and protect the personal, private, and intimate images and information entrusted to

Keffer by Plaintiff(s) and others similar to them.

45.    Keffer breached those obligations by failing to consider, enact, or implement any policy, procedure, or security measure to safeguard and protect the personal, private, and intimate images and information entrusted to Keffer by Plaintiff(s) and others similar to them.

46.    As a direct result of Keffer's security failures, negligence and gross negligence, Weiss accessed the personal, private, and intimate images and information entrusted to Keffer by Plaintiff(s) and others similar to them.

47.    Keffer collects information including private information about students and student athletes.

48.    The University and the Regents authorized Keffer's collection of that information that is and was personal and private in nature.

49.    Plaintiff(s) and others similar to them entrusted that the Regents and the University's authorization to and entrustment to Keffer would keep them safe and their private images and information private.

50.    The Regents and the University failed to take any action to ensure that Keffer retained the privacy of the images and information of Plaintiff(s) and others like them.

51.    The Regents' failures in this respect harmed Plaintiff(s).

52.    The University's failures in this respect harmed Plaintiff(s).

53.    Keffer failed to take any action necessary to ensure that it retained the

privacy of the images and information of Plaintiff(s) and others like them entrusted to Keffer.

54.    Keffer failed to consider or take any action necessary to protect against the access by Weiss of the private information, images, expressions, and videos of Plaintiff(s) and their peers.

55.    Due to the negligent and reckless conduct of Keffer, the Regents, and the University (collectively, the "Non-Individual Defendants"), Weiss was able to, among other misconduct, invade the privacy of various individuals including but not limited to Plaintiff(s) and their peers.

56.    Between approximately 2015 and January 2023, as was detailed in the federal criminal indictment against him, Weiss gained access—without and in excess of authorization—to the social media, email, and/or cloud storage accounts of more than 3,300 people including but not limited to University student athletes and others, past and present, and including but not limited to Plaintiff(s).

57.    His ability to do so was aided by the University and the Regents both of whom permitted him to have access and use of electronic credentials that were means of viewing and downloading personal, private, and intimate images of Plaintiff(s) and others similar to them.

58.    The Non-Individual Defendants failed to review Weiss's activity, failed to supervise his activity, failed to review his retention in a prudent manner, and failed to ensure his work duties were being undertaken and completed with respect for

10

Plaintiff(s)' privacy and the privacy of others.

59.     The Non-Individual Defendants failed to consider or implement any measure of security that provided protection for the privacy of information about student athletes including by failing to consider or have multiple authentication credentials, background checks, peer reviews, or oversight.

60.     These failures allowed Weiss to access private, intimate, personal information pertaining to Plaintiff(s) and their peers, all of which was maintained by Keffer, as encouraged and authorized by the University and the Regents, and all of which Plaintiff(s) and other similar to them entrusted to the Non-Individual Defendants.

61.     The recklessness and negligence and misconduct of the Regents, the University, and Keffer in these respects enabled Weiss to target female college athletes to obtain their private and sensitive information without authorization, including but not limited to Plaintiff(s).

62.     The Non-Individual Defendants knew that Weiss by virtue of his job duties would be at an advantage over others and would be able to access the other private information and privacy interests of the Plaintiff(s) and their peers.

63.     Because the Regents, the University, and Keffer failed to undertake any reasonable security measures or background checks of Weiss, he was enabled to brazenly research and target and invade the privacy of various University athletes,

11

particularly female athletes, nearly all if not all such women were targeted based on their school affiliation, athletic history, and physical characteristics.

64.   Because the Regents, the University, and Keffer failed to supervise Weiss, review his conduct, review his credentials, review his work, and left him free to prey on Plaintiff(s) and others, all without reporting what he was doing in furtherance of his duties, Weiss was able to execute his goal of obtaining private photographs and videos of Plaintiff(s) and others that were never intended to be shared with others or be shared beyond Plaintiff(s)' intimate partners, and likewise for other victims situated similar to the Plaintiff(s).

65.   As a result of the University's recklessness, the recklessness of the Regents, and the gross negligence of Keffer, Weiss downloaded personal, intimate digital photographs and videos of Plaintiff(s) and others, all of which Plaintiff(s) and others entrusted to the Non-Individual Defendants.

66.   Because the Non-Individual Defendants negligently and recklessly failed to exercise any control over Weiss, Weiss, in furtherance of performance of his job duties, was able to successfully target athletes such as Plaintiff(s) and others similar to them and download, obtain, and use their private information, images, and videos.

67.   Because the Non-Individual Defendants negligently and recklessly failed to keep tabs or otherwise supervise or monitor Weiss, he was

12

able to keep notes on individuals whose photographs and videos he wanted, all of which he obtained, and then viewed, and the Non-Individual Defendants' failure to take any reasonable protective measures was so severe that Weiss even kept detailed notes commenting on the bodies and sexual preferences of Plaintiff(s) and their peers as reported in the indictment.

68.     The information that the Non-Individual Defendants permitted Weiss to obtain is highly private, secretive, embarrassing when shared without authorization, and humiliating to become public without authorization.

69.     Weiss obtained access—without and in excess of authorization—to student athlete databases of more than 100 colleges and universities across the country that were maintained by Keffer including but not limited to those of university athletes like Plaintiff(s) and others because the University and the Regents failed to take any action or even consider the harm Weiss could do, and actually did, as did Keffer.

70.     Plaintiff(s) and others continue to face harm because, despite notice from decades of athletic department complaints and abuse, and widely known social media stockpiles of information that beg for safekeeping, Keffer, the Regents and the University have failed again and again to undertake any review of how Plaintiff(s)' private and personal information is stored, maintained, and who might access such information, how they might access the information, and from where they might access the information.

71.    The University and the Regents also failed to investigate Keffer, Keffer's protocols, and failed to monitor or establish safeguards for Keffer's work with the students and their private images to ensure they carried out their duties to safeguard and protect the private information entrusted to them.

72.    The University and the Regents have also failed to consider or implement ways to prevent exposing students to Weiss.

73.    Neither the University nor the Regents have explained or justified why they failed to undertake any review of the contract with Keffer, failed to investigate Keffer, failed to monitor or establish safeguards for Keffer's work with the students and their private images, and otherwise considered what action they should take to not expose students and others to Weiss.

74.    Weiss, through the lack of control and enabling from the Non-Individual Defendants, obtained access to databases containing highly sensitive and private information of the Plaintiff(s) and others similar to them.

75.    Many if not all of those databases are maintained by Keffer and was entrusted by Plaintiff(s) to be safeguarded.

76.    Plaintiff(s) entrusted the University and the Regents to ensure Keffer safeguarded their private information and images.

77.    All of the Non-Individual Defendants failed to consider or execute any action that would have been prudent and would have protected Plaintiff(s)' private

14

information and the private information of others in similar positions from being accessed by Weiss.

78.   After gaining access to unsecured databases, Weiss downloaded the personally identifiable information (PII) and medical data of more than 150,000 athletes including Plaintiff(s).

79.   Weiss also downloaded passwords that athletes used to access Keffer's s computer system to view and update the athletes' data, including that of Plaintiff(s).

80.   The athletes' passwords that Weiss downloaded were encrypted, but was poorly encrypted because of recklessness of the Non-Individual Defendants that Weiss while not being monitored or supervised by the Non-Individual Defendants cracked the encryption, assisted by basic research that he did on the internet.

81.   Through open-source Weiss conducted additional research on targeted athletes such as Plaintiff(s) and obtained personal information such as their mothers' maiden names, pets, places of birth, and nicknames, all of which they had entrusted to Non-Individual Defendants to keep private and none of which the Non-Individual Defendants actually safeguarded in any reasonable manner.

82.   Using the combined information that he obtained from the student athlete databases and his internet research, based on the lack of supervision or monitoring by the Non-Individual Defendants, despite their control over him, Weiss was able to obtain access to the social media, email, and/or cloud storage

accounts of more than 2,000 targeted athletes and others by guessing or resetting their passwords including but not limited to the Plaintiff(s).

83.    Once he obtained access to the accounts of targeted athletes, Weiss searched for and downloaded personal, intimate photographs and videos and other information that were not intended to be viewed by others, not publicly shared, including but not limited to Plaintiff(s) and others similar to them.

84.    Weiss also obtained access—without authorization—to the social media, email, and/or cloud storage accounts of more than 1,300 additional  students and/or alumni from universities and colleges from around the country including but not limited to Plaintiff(s), caused by the reckless disregard for the safety and personal privacy of the victims committed by the Non-Individual Defendants.

85.    Once Weiss gained access to the accounts, he would search for and download personal, intimate photographs and videos.

86.    The Non-Individual Defendants have long been on notice that this kind of information Weiss accessed was expected to be kept private, would be embarrassing if accessed by third parties, and any breach would cause significant harm. Despite this, they failed to implement appropriate safeguards.

87.    The Regents took no reasonable actions to prevent this unauthorized access.

88.    The University took no reasonable actions to prevent this  unauthorized

16

access.

89.   Keffer took no reasonable actions to prevent this unauthorized access.

90.   The Regents have taken no action to remedy the various tortious harms and invasions they permitted to occur.

91.   The University has taken no action to remedy the various tortious harms and invasions they permitted to occur.

92.   Keffer has taken no action to remedy the various tortious harms and invasions they permitted to occur.

93.   In several instances, Weiss exploited vulnerabilities in the Non-individuals' account authentication processes to gain access to the accounts of students or alumni including but not limited to Plaintiff(s).

94.   Weiss leveraged his access to these accounts to gain access to other social media, email, and/or cloud storage accounts.

95.   The Regents took no action to prevent this unauthorized access.

96.   The University took no action to prevent this unauthorized access.

97.   Keffer took no action to prevent this unauthorized access.

98.   The Non-Individual Defendants have long been on notice, and it is obvious, that the kind of information Weiss accessed would be reasonably expected to be kept private, would be embarrassing if accessed by third parties, and is the kind of data that in the modern world every commercial and governmental actor is expected to take action to safeguard, particularly since the young student athletes

17

who are dedicated to the University and the Regents entrusted them to keep all such private information and images confidential and free from access by third parties such as Weiss.

99.    Despite all such notice and prior instances of breach of trust, the Non-Individual Defendants failed to protect Plaintiff(s)' private information and images, or to study, consider, or undertake any reasonable method to protect the Plaintiff(s)' privacy and the privacy of others.

100.   From in and around 2015, to in and around January 2023, Weiss intentionally accessed—without authorization—information, images, and personal private information of Plaintiff(s) and others, including servers from identified and unidentified social media, email, and/or cloud storage providers that the Non-Individual Defendants knew Plaintiff(s) and others expected and entrusted them to protect and that they failed to protect.

101.   Weiss obtained digital photographs, videos, and other private information belonging to more than 3,300 individuals including but not limited to Plaintiff(s) in furtherance of his job duties and his misconduct and the misconduct of the Non-Individual Defendants were violations of the Michigan, Pennsylvania, and Maryland state torts of Invasion of Privacy.

102. From in and around May 2021, to in and around January 2023, Weiss, as a result of the reckless lack of protection, monitoring, or supervision from the

Non-Individual Defendants, knowingly transferred, possessed and used, without lawful authority, information, images, and pictures of Plaintiff(s) and others.

103.   From in and around January 2015, to in and around October of 2023, Weiss intentionally accessed—as a result of the Non-Individual Defendants' failure to protect the privacy of Plaintiff(s) and others—computers, networks, and information relating to Plaintiff(s) and others that was private in nature.

104.   After compromising the passwords of approximately 150,000 accounts and gaining access to these same accounts because he was unsupervised or unmonitored, Weiss downloaded personally identifiable information **(PII)** and other health protected information and medical data of more than 150,000 athletes in furtherance of his job duties, including but not limited to Plaintiff(s), all in violation of the Maryland, Michigan, and Pennsylvania tort of Invasion of Privacy.

105.   Weiss intended to and did obtain information that furthered his ability to reset the passwords for and access—without authorization—of social media, email, and/or cloud storage accounts of individuals like Plaintiff(s) whose information he obtained from Keffer's systems, all of which were significantly more easily obtained because of the lack of oversight and monitoring from the Non-Individual Defendants, despite notice of the threat therefor.

60453048.2

106. From in and around 2021, to in and around 2023, Weiss intentionally—without and in excess of authorization—accessed servers Keffer operated, because the Non-Individual Defendants failed to supervise or monitor him, and he as a result obtained digital photographs, videos, and other private information of Plaintiff(s) and others, all in furtherance of job duties, including violations of the Michigan state tort of Invasion of Privacy.

107. From in and around 2021, to in and around 2023, Weiss intentionally accessed—without authorization—computers and servers of the University and the Regents and their technology service providers, thereby invading the privacy of Plaintiff(s) and others, from and after the Non- Individual Defendants' failure to monitor or supervise Weiss, despite the trust that the Plaintiff(s) placed in the University and the Regents.

108. As additional damage, and as a result of the Non-Individual Defendants' failure to monitor or supervise Weiss, Weiss was able to reset various passwords including Plaintiff(s)' account, which amounts to various tortious acts, including violations of privacy, and was perpetrated through various social media, email, and/or cloud storage accounts of one or more University alumni and others.

109. Plaintiff(s) have incurred significant monetary and nonmonetary damages as a result of Defendants' actions, inactions, torts, negligence, recklessness,

60453048.2

and misconduct, and have been so damaged in excess of $75,000, exclusive of costs, interest, and fees.

## COUNT I – VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT – 18 U.S.C. § 1030

### (Defendant Weiss, University, and Regents)

110. Plaintiff(s) incorporate the allegations set forth above by reference with the same force and effect as if fully repeated.

111. Weiss violated the Computer Fraud and Abuse Act by accessing without authorization Plaintiff(s)' private information.

112. Weiss did so in connection with his job duties given to him by the University.

113. Weiss violated the Act because he "intentionally accesse[d] a computer without authorization" and/or "exceed[ed] authorized access, and thereby obtain[ed] …information." 18 U.S.C. § 1030(a)(2)(C).

114. Under the law, Weiss was an "inside hacker" because he accessed a computer with permission that dealt with Plaintiff(s) as student athletes, however, Weiss in connection with and furtherance of his job duties then exceeded the parameters of authorized access by entering an area of computerized network of information that was off-limits.

115. Weiss's violations were intentional because he knew he was unauthorized and proceeded nevertheless and did so with approval from the University.

116. The University is vicariously liable for his actions because he did so in furtherance of his role as a sports employee of the University's athletic department.

117. The law is clear that the University is vicariously liable for any offenses of its agents.

118. An employer is responsible for the wrongful acts committed by its employees in the course of their employment.

119. Under 18 U.S.C. § 1030(g), Plaintiff(s) may recover damages in this civil action from Weiss and the University along with injunctive relief or other equitable relief.

120. Plaintiff(s) should be awarded all such forms of damages in this case for Weiss's and the University's willful violation that caused great damage, humiliation, distress, and embarrassment to the Plaintiff(s).

## COUNT II – VIOLATIONS OF STORED COMMUNICATIONS ACT
## U.S.C. § 2701 et seq

### (Defendants Weiss, University and Regents)

121. Plaintiff(s) incorporate the allegations set forth above by reference with the same force and effect as if fully repeated.

122. The Stored Communications Act, 18 U.S.C. § 2701 *et seq.*, prohibits

22

the intentional access of web-based cloud storage and media accounts such as those at issue and other accounts hosted by Keffer that did and do, like for Plaintiff(s), contain personal, private, and intimate information about and relating to Plaintiff(s) and others situated similar to Plaintiff(s).

123.   Specifically, 18 U.S.C. § 2701(a) states that it is not lawful for any person to:

(1) intentionally accesses without authorization a facility through which an electronic communication service is provided; or

(2) intentionally exceeds an authorization to access that facility;

and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system shall be punished as provided in subsection (b) of this section.

124.   Plaintiff(s)' electronic information and communications were in electronic storage and fit directly within the protections of the statute.

125.   The information, messages, files, and media were accessed by Weiss without authorization, in connection with his job duties performed for the University.

126.   Weiss's access without authorization in connection with his University job duties was intentional and knowingly done.

127.   There is no manner in which Plaintiff(s)' private information, messages, files, and media that is at issue could have been obtained without unauthorized access and would not have been obtained without unauthorized access had Weiss not been an employee of the University working in the specific sports capacity for which

23

the University hired and employed him.

128.   Section 2707 of the Stored Communications Act states that a party may bring a civil action for the violation of this statute.

129.   It is a strict liability statute.

130.   The statute provides that a person aggrieved by a violation of the act may seek appropriate relief including equitable and declaratory relief, actual damages or damages no less than $1,000, punitive damages, and reasonable attorney's fee[s] and other litigation costs reasonably incurred according to 18 U.S.C. § 2707(b)-(c).

131.   The University and Weiss's access to Plaintiff(s)' private, personal, and intimate information, messages, files, and media was in violation of 18 U.S.C. § 2701(a).

132.   The University and Weiss knew they did not have authority to access Plaintiff(s)' private, personal, and intimate information, messages, files, and media and accessed it nevertheless.

133.   That willful misconduct violated the Stored Communications Act on various occasions.

134.   Plaintiff(s) have incurred significant monetary and nonmonetary damages as a result of these violations of the Stored Communications Act, and Plaintiff(s) request to be compensated for their injuries.

24

135.   Under the statute, Plaintiff(s) should be granted the greater of (1) the sum of their actual damages suffered and any profits made by the University and Weiss as a result of the violations or (2) $1,000 per violation of the Stored Communications Act.

136.   Since the violations were willful, the Court should assess punitive damages against Defendants in addition.

137.   Plaintiff(s) should be granted reasonable attorney fees and costs as well.

## COUNT III – VIOLATION OF TITLE IX, 20 U.S.C. § 1681(A) *Et Seq.*

### (Defendants University and Regents)

138.   Plaintiff(s) incorporate the allegations set forth above by reference with the same force and effect as if fully repeated.

139.   Title IX's provides, "No person in the United States shall on the basis of sex, be ... subject to discrimination under any education program or activity receiving Federal financial assistance ..."

140.   Plaintiff(s) are each a "person" under the Title IX statutory language.

141.   Weiss targeted women in his unwanted invasions of privacy and his misconduct is discrimination on the basis of sex.

142.   The University receives federal financial assistance for its education program and is therefore subject to the provisions of Title IX of the Education Act of 1972, 20 U.S.C. § 1681(a), *et seq.*

25

143.   The University is required under Title IX to investigate allegations of sexual harassment.

144.   The University was aware of the sensitive nature of the private and personal information of Plaintiff(s) to which Weiss was able to access given his role.

145.   The University and Regents acted with deliberate indifference to sexual harassment by:

    a.   Failing to protect Plaintiff(s) and others as required by Title IX;

    b.   Failing to adequately investigate and address the complaints regarding the deeply sensitive information Plaintiff(s) provided;

    c.   Failing to institute corrective measures to prevent Weiss from sexually harassing other students; and

    d.   Failing to adequately investigate the other multiple acts of deliberate indifference.

146.   The University and the Regents acted with deliberate indifference as their lack of response to the sexual harassment was clearly unreasonable in light of the known circumstances.

147.   The University's failure to promptly and appropriately protect, investigate, and remedy and respond to the sexual harassment of women has effectively denied them equal educational opportunities at the University, including

26

medical care and sports training.

148.   At the time the Plaintiff(s) received some medical training services from the University, they did not know the Non-Individual Defendants failed to adequately consider their safety including in their engagement, hire, training, and supervision of Weiss.

149.   As a result of the University's and the Regents' deliberate indifference, Plaintiff(s) have suffered loss of educational opportunities and/or benefits.

150.   Plaintiff(s) have incurred, and will continue to incur, attorney's fees and costs of litigation.

151.   At the time of Defendants' misconduct and wrongful actions and inactions, Plaintiff(s) were unaware, and or with reasonable diligence could not have been aware, of Defendants' institutional failings with respect to their responsibilities under Title IX.

152.   The Regents and the University maintained a policy and/or practice of deliberate indifference for the protection of female student athletes.

153.   Defendants' policy and/or practice of deliberate indifference to protection against the invasion of privacy for female athletes created a heightened risk of sexual harassment.

154.   Defendants had the ability to prevent the privacy invasion and sexual harassment failed to so prevent the invasions of privacy and harassment.

27

155. Because of the Regents' and the University's policy and/or practice of deliberate indifference, Plaintiff(s) had their privacy invaded and were sexually harassed by Weiss.

156. Plaintiff(s) should be awarded all such forms of damages in this case for Regents' and the University's conduct that caused great damage, humiliation, and embarrassment to Plaintiff(s)the Plaintiff(s).

## COUNT IV -- VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

157. Plaintiff(s) incorporate the allegations set forth above by reference with the same force and effect as if fully repeated.

158. The due process clause of the 14th Amendment provides that the state may not deprive a person of life, liberty or property without due process of law.

159. The Regents and the University recklessly exposed Plaintiff(s) to a dangerous predator, Weiss, knowing he could cause serious damage by sexually harassing female students, and also by violating their rights to privacy.

160. Plaintiff(s) as female student athletes were foreseeable victims.

161. The invasion of Plaintiff(s)' privacy was foreseeable.

162. The decisions and actions to deprive Plaintiff of a safe campus constituted affirmative acts that caused and/or increased the risk of harm, as well as physical and emotional injury, to Plaintiff(s).

28

163.   The University and the Regents acted in willful disregard for the safety of Plaintiff(s).

164.   The decisions and actions to deprive Plaintiff(s) a safe campus constituted affirmative acts that caused and/or increased the risk of harm, as well as physical and emotional injury, to Plaintiff(s).

165.   The University and the Regents acted in willful disregard for the safety of Plaintiff(s).

166.   Plaintiff(s) should be awarded all such forms of damages in this case for Regents' and the University's conduct that caused great damage, humiliation, and embarrassment to Plaintiff(s).

## COUNT V – FAILURE TO TRAIN AND SUPERVISE UNDER 42 U.S.C. § 1983
### (Defendants University and Regents)

167.   Plaintiff(s) incorporate the allegations set forth above by reference with the same force and effect as if fully repeated.

168.   The University and the Regents had the ultimate responsibility and authority to train and supervise their employees, agents, and/or representatives including Weiss and all faculty and staff regarding their duties toward students, faculty, staff and visitors.

169.   The University and the Regents failed to train and supervise their employees, agents, and/or representatives including all faculty and staff, regarding

29

the following duties:

      a. Perceive, understand, and prevent inappropriate sexual harassment on campus;

      b. Perceive, report, and prevent inappropriate invasion of privacy on campus;

      c. Provide diligent supervision to and over student athletes and other individuals, including Weiss;

      d. Thoroughly investigate any invasion of privacy by Weiss;

      e. Ensure the safety of all students, faculty, staff, and visitors to UM's campuses premises;

      f. Provide a safe environment for all students, faculty, staff, and visitors to UM's premises free from sexual harassment; and, invasions of privacy;

      g. Properly train faculty and staff to be aware of their individual responsibility for creating and maintaining a safe environment.

      h. The above list of duties is not exhaustive.

170.  The University and the Regents failed to adequately train coaches, trainers, medical staff, Weiss, and others regarding the aforementioned duties which led to violations of Plaintiff's rights.

171.  The University and the Regents failure to adequately train was the result of Defendants' deliberate indifference toward the well-being of student athletes and others.

172.   The University and the Regents failure to adequately train is closely related to or actually caused Plaintiff's injuries.

173.   As a result, the University and the Regents deprived Plaintiff of rights secured by the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. § 1983.

174.   Plaintiff(s) should be awarded all such forms of damages in this case for Regents' and the University's conduct that caused great damage, humiliation, distress, and embarrassment to the Plaintiff(s).

## COUNT VI – INVASION OF PRIVACY
## INTRUSION UPON SECLUSION

175.   Plaintiff(s) incorporate the allegations set forth above by reference with the same force and effect as if fully repeated.

176.   Plaintiff(s)' personal social media files, videos, and other images were each in electronic storage and were, and should have been kept, private.

177.   All of that private and personal information was wrongfully accessed by Weiss.

178.   Weiss's actions were not authorized.

179.   The information could not have been obtained but for the Non-Individual Defendants' lack of monitoring and supervision.

180.   Plaintiff(s) did not authorize any access.

181.   Plaintiff(s) are embarrassed, ashamed, humiliated, and mortified that their private information has been accessed by total strangers and third parties.

182.   Plaintiff(s)' social media information and image and videos are a private subject matter.

183.   Plaintiff(s) had the right to expect that all of their information would remain private.

184.   The means Weiss took to obtain the information was objectively unreasonable.

185.   Plaintiff(s) have incurred significant monetary and nonmonetary damages as a result of Defendants' actions and request the appropriate damages.

## COUNT VII – GROSS NEGLIGENCE AGAINST THE REGENTS, THE UNIVERSITY, AND KEFFER

186.   Plaintiff(s) incorporate the allegations set forth above by reference with the same force and effect as if fully repeated.

187.   Plaintiff(s)' personal social media files, videos, and other images were each in electronic storage and were, and should have been kept, private.

188.   All of that private and personal information was wrongfully accessed by Weiss.

189.   Weiss's actions were not authorized.

190.   The information could not have been obtained but for the Non-Individual Defendants' lack of monitoring and supervision.

32

191.   Plaintiff(s) did not authorize any access to such information, data, and media by Weiss.

192.   Plaintiff(s) are embarrassed, ashamed, humiliated, and mortified that their private information has been access by total strangers and third parties.

193.   Plaintiff(s)' social media information and image and videos are a private subject matter.

194.   Plaintiff(s) had a right to keep all such information private.

195.   Plaintiff(s) entrusted the Regents and the University to ensure methods were undertaken to secure, safeguard, and protect against authorized access to their private information.

196.   The Regents and the University do not deny that.

197.   Keffer was entrusted to keep Plaintiff(s)' private information private.

198.   Keffer does not deny that.

199.   The Non-Individual Defendants admit that Plaintiff(s) expected each of them to take reasonable measures to maintain the privacy of Plaintiff(s)' private information.

200.   Each of the Non-Individual Defendants admits they are sorry for the breaches of trust that the Plaintiff(s) and the other victims have experienced.

201.   The Regents breached their duties to Plaintiff(s) by failing to consider, implement, or follow a policy to oversee how or whether the University conducted its operations in a manner that would have in any manner monitored, supervised, and

33

ensured that retention and employment of Weiss would not result in a breach of the privacy Plaintiff(s) entrusted to the Regents and the University.

202. The Plaintiff(s) entrusted the University to take measures to secure against Weiss's unauthorized access to their private information.

203. The University failed in its executed of the duty entrusted to the University by the Plaintiff(s) by failing to take any action much less consider means by which to prevent the harm caused to Plaintiff(s) and their peers as alleged in this Complaint, including but not limited to the inaction of failing to consider, determine, enact, and implement a policy to monitor, supervise, and oversee Weiss, or ensure more than one witness or person is verifying that such sensitive and personal and private information is kept confidential.

204. The Regents were supposed to, but failed, to establish University policy, including to monitor personnel, including but not limited to Weiss, so that students on the campus are protected their privacy being invaded.

205. The University failed to provide security to Plaintiff(s) and to other student athletes to be able to be treated by athletic professionals who do not invade their privacy.

206. Keffer recklessly failed to ensure media and information of and pertaining to student athletes including but not limited to Plaintiff(s) was safely

34

provided and stored even after Plaintiff(s) and other similar to them entrusted Keffer to do so.

207. The Regents had an obligation to support Plaintiff(s), and to develop the campus, its operations including student services, and admissions, and financial aid, IT policies and procedures among others, in a way that at least considered having and executing security measures to protect the personal, private, and intimate images and information of the Plaintiff(s) and others similar to them.

208. The Regents breached those duties because they failed to consider or implement any security measures to protect the personal, private, and intimate images and information of the Plaintiff(s) and others similar to them.

209. The University had a duty but failed to enact, or implement any security measures to protect the personal, private, and intimate images and information of the Plaintiff(s) and others similar to them.

210. Keffer was reckless by failing to equip its computer systems with security that did not make it easy or otherwise possible for Weiss to use quick, basic, and cheap internet research to invade Plaintiff(s)' privacy.

211. Given the sensitive nature of the Plaintiff(s)' private information, each of the Non-Individual Defendants knew of and, as detailed herein, breached their heightened duties to safeguard and protect Plaintiff(s)' privacy by failing to consider,

enact, and implement security measures, and that recklessness exposed Plaintiff(s), and their intimate images and other information.

212.   The Regents' failures and omissions in these respects was so reckless that it shows a substantial lack of concern for injuries to Plaintiff(s)the Plaintiff(s).

213.   The University's failures and omissions in these respects was so reckless that it shows a substantial lack of concern for injuries to Plaintiff(s)the Plaintiff(s).

214.   Keffer's failures and omissions in these respects was so reckless that it shows a substantial lack of concern for injuries to Plaintiff(s)the Plaintiff(s).

215.   Plaintiff(s) have incurred significant monetary and nonmonetary damages as a result of Defendants' actions, and should be awarded damages accordingly.

## COUNT VIII – NEGLIGENT HIRING

216.   Plaintiff(s) incorporate the allegations set forth above by reference with the same force and effect as if fully repeated.

217.   Plaintiff(s)' personal social media files, videos, and other images and information were each in electronic storage and were, and should have been kept, private.

218.   The University had a duty to be reasonable in its review, selection, and hiring of Weiss.

36

219.   The University was not reasonable in its hiring of Weiss.

220.   The University failed to study, review, consider, and reasonably determine if Weiss had the kind of training, character, and respect for students to respect or at least not invade their privacy.

221.   Plaintiff's private and personal information was wrongfully accessed by Weiss.

222.   Weiss's actions were not authorized.

223.   The information could not have been obtained but for the University's failure to consider what training to require to hire someone for the job Weiss had, but for the University's failure to consider what credentials Weiss had, but for the failure to consider Weiss's background or review it, and otherwise fail to learn and establish needed conditions that must be satisfied to hire someone to handle personal and sensitive information, or at least not to abuse the position of trust the Plaintiff(s) placed in the University to prudently hire someone for the job Weiss had.

224.   Plaintiff(s) did not authorize any access by Weiss and were not asked if they thought he was fit for the job.

225.   Plaintiff(s) are embarrassed, ashamed, humiliated, and mortified that their private information has been access by total strangers and third parties.

226.   Plaintiff(s)' social media information and image and videos are a private subject matter.

227.   Plaintiff(s) had a right to keep all such information private.

37

60453048.2

228.   Plaintiff(s) entrusted the University to ensure methods were undertaken to secure, safeguard, and protect against authorized access to their private information.

229.   The University does not deny that.

230.   The University breached their duty to reasonably consider the credentials, training, and conditions Weiss should have had to satisfy.

231.   But for that, Plaintiff(s) would not have been harmed.

232.   But Plaintiff(s) were harmed.

233.   The University's breach of its duty to consider much less ensure Weiss was trained to and would follow security measures to protect the personal, private, and intimate images and information of the Plaintiff(s) and others similar to them has caused harm to Plaintiff(s).

234.   Given the sensitive nature of the Plaintiff(s)' private information, the University knew that its hiring of Weiss should be more prudent.

235.   The University failed in its duty.

236.   Plaintiff(s) were harmed as a result.

237.   Plaintiff(s) have incurred significant monetary and nonmonetary damages as a result of Defendants' actions and request the appropriate damages.

38

## COUNT IX – NEGLIGENT TRAINING

238. Plaintiff(s) incorporate the allegations set forth above by reference with the same force and effect as if fully repeated.

239. The University had an obligation to train Weiss in a manner that would not subject the students including Plaintiff(s) to Weiss invading their privacy.

240. The University failed consider, study, or enact any policy, procedure, or reasonable standard that would have trained Weiss to understand the sensitivity of the information of the Plaintiff(s) entrusted to him and the University.

241. The University failed consider, study, or enact any policy, procedure, or reasonable standard that would have trained Weiss to understand the damage he would do if he invaded the private information of the Plaintiff(s) and to him and the University.

242. The University of Michigan is a substantial institution and Plaintiff(s) reasonably expected a physician coach to be trained to care about and safeguard their personal and private information.

243. Plaintiff(s) understandably did not expect the University to fail to train Weiss about the highly sensitive nature of his position and leave him to his own devices to violate Plaintiff(s) rights and to embarrass and humiliate them.

244. The University failed to train Weiss and that failure damaged the students including but not limited to Plaintiff(s).

39

245.   The University also had an obligation, but failed, to enact and follow a policy to train Weiss to protect students such as Plaintiff(s) from predators.

246.   But for these failures by the University, Plaintiff(s) would not have been damaged and would not have had her social media files, videos, and other images that were stored electronically invaded such that they no longer enjoyed privacy and freedom from viewing by others.

247.   Plaintiff(s) have been damaged as a result.

248.   Plaintiff(s)' social media information and image and videos are a private subject matter.

249.   Plaintiff(s) had a right to keep all such information private.

250.   The failures of the University were unreasonable.

251.   Plaintiff(s) have incurred significant monetary and nonmonetary damages as a result of Defendants' actions and request the appropriate damages.

## COUNT X – NEGLIGENT SUPERVISION

252.   Plaintiff(s) incorporate the allegations set forth above by reference with the same force and effect as if fully repeated.

253.   The University had an obligation to supervise Weiss in a manner that would not subject the students including Plaintiff(s) to Weiss invading their privacy.

254.   The University failed consider, study, or enact any policy, procedure, or

reasonable standard that would have supervised and monitored Weiss to understand the sensitivity of the information of the Plaintiff(s) entrusted to him and the University.

255. The University failed consider, study, or enact any policy, procedure, or reasonable standard that would have included more secure or multiple source authorization such that Weiss would not have been able to invade Plaintiff(s)' privacy.

256. The University failed to consider or enact any measure to ensure a single actor such as Weiss, left unsupervised, would be able to invade the private information of the Plaintiff(s).

257. The University of Michigan is a substantial institution and Plaintiff(s) reasonably expected a sports coach to be supervised so as to safeguard their personal and private information.

258. Plaintiff(s) understandably did not expect the University to fail to supervise Weiss about the highly sensitive nature of his position and leave him to his own devices to violate Plaintiff(s) rights and to embarrass and humiliate them.

259. The University failed to supervise Weiss, and that failure damaged the students including but not limited to Plaintiff(s).

260. The University also had an obligation, but failed, to enact and follow a policy to supervise Weiss to protect students such as Plaintiff(s) from predators.

261. But for these failures by the University, Plaintiff(s) would not have been damaged and would not have had her social media files, videos, and other images

that were stored electronically invaded such that they no longer enjoyed privacy and freedom from viewing by others.

262.   Plaintiff(s) have been damaged as a result.

263.   Plaintiff(s)' social media information and image and videos are a private subject matter.

264.   Plaintiff(s) had a right to keep all such information private.

265.   The failures of the University were unreasonable.

266.   Plaintiff(s) have incurred significant monetary and nonmonetary damages as a result of Defendants' actions and request the appropriate damages.

## COUNT XI -- NEGLIGENT ENTRUSTMENT

267.   Plaintiff(s) incorporate the allegations set forth above by reference with the same force and effect as if fully repeated.

268.   Plaintiff(s) entrusted the Regents, the University, and Keffer with her private information, social media, images, and videos.

269.   The Non-Individual Defendants are liable at law to Plaintiff(s) if they permit the handling and use of Plaintiff(s)' private personal information to be held and handled in a manner that will cause harm to the Plaintiff(s).

270.    The Non-Individual Defendants knew of the sensitivity of the information they were handling and relied heavily on their own methods and procedures for so handling the information and using the information.

271.    It was a breach of a reasonable standard for the Non-Individual Defendants to not handle and use the personal and private information of the Plaintiff(s) with more care, attention, and sensitivity so as to safeguard and protect from instruction by Weiss.

272.    The Regents, the University, and Keffer accepted Plaintiff(s)' entrustment, profited from the parties' relationship, and failed to safeguard Plaintiff(s)' private information, social media, images, and videos despite the entrustment to them.

273.    The Regents, the University, and Keffer had a heightened duty to keep Plaintiff(s)' personal social media files, videos, and other images were electronic communications private.

274.    The Regents failed in that duty.

275.    The University failed in that duty.

276.    Keffer failed in that duty.

277.    Plaintiff(s)' information was accessed by Weiss.

43

278.   The Non-Individual Defendants failed to seriously or reasonably consider how to safeguard Plaintiff(s)' information.

279.   The Non-Individual Defendants failed to carry out their heightened duty to take actions to safeguard and ensure the privacy of Plaintiff(s)' personal and private information.

280.   The Non-Individual Defendants each breached their duties by failing to undertake any expected maintenance, protection, monitoring, and supervision to confirm Plaintiff(s)' personal and private information was safe.

281. But for the Non-Individual Defendants' negligent entrustment, Plaintiff(s) would not have been damaged.

282.   Plaintiff(s)' social media information and image and videos are a private subject matter.

283.   Plaintiff(s) had a right to keep all such information private.

284.   Plaintiff(s) have incurred significant monetary and nonmonetary damages as a result of Defendants' actions and request the appropriate damages.

## **COUNT XII – NEGLIGENT RETENTION**

285.   Plaintiff(s) incorporate the allegations set forth above by reference with the same force and effect as if fully repeated.

60453048.2

286.   Plaintiff(s)' personal social media files, videos, and other images were private.

287.   The University has had a history of athletic department invasions on the privacy of student athletes and others.

288.   The University had a duty to retain Weiss only if he would not continue that unfortunate history.

289.   The University had an obligation to retain Keffer only if it would safeguard Plaintiff(s)' private information.

290.   The University was warned historically about threats from outside vendors and third-parties to invade the privacy of student athletes and others.

291.   The University was warned historically about the threats from personnel of the leaders of the athletic department that trainers can be threats to the invasion of the privacy of student athletes and others.

292.   Despite those warnings, and the experiences of the University and the Regents historically, the Regents and the University hired and retained Weiss and he violated the Plaintiff(s)' privacy and the privacy of others.

293.   Despite those warnings, and the experiences of the University and the Regents historically, the Regents and the University hired and retained Keffer and it failed to take any reasonable action to safeguard the Plaintiff(s)' privacy and the privacy of others.

60453048.2

294. The University failed take any action to ensure that Weiss was working in an ethical manner that did not invade the privacy of Plaintiff(s).

295. The University failed to take any action to ensure that Keffer stored Plaintiff(s)'s personal and private information in a manner that would not be accessed by others.

296. But for the failures to retain Weiss and Keffer in a prudent and safe manner, Plaintiff(s) would not have been harmed.

297. Plaintiff(s) had a right to keep all her information private.

298. The lack of review or any legitimate historical basis to retain Keffer and Weiss was objectively unreasonable.

299. Plaintiff(s) have incurred significant monetary and nonmonetary damages as a result of Defendants' actions and request the appropriate damages.

## COUNT XIII – TRESPASS TO CHATTELS

300. Plaintiff(s) incorporate the allegations set forth above by reference with the same force and effect as if fully repeated.

301. By accessing Plaintiff(s)' personal and private information without authorization, Weiss and the University intentionally and harmfully interfered with, and wrongfully exercised dominion or control over, Plaintiff(s)' private and personal information, images, videos, and social media.

302.   The aforementioned accessing, dominion, and conrol was willful and malicious.

303.   Plaintiff(s) have incurred significant monetary and nonmonetary damages as a result of Weiss's and the University's intentional and harmful interference with, and wrongful exercise of dominion or control over, Plaintiff(s)' private and personal information.

304.   Plaintiff(s) are entitled to exemplary damages as a result of these intentional and harmful act and interference with, and wrongful exercise of control over, their property.

## COUNT XIV – COMMON LAW CONVERSION

305.   Plaintiff(s) incorporate the allegations set forth above by reference with the same force and effect as if fully repeated.

306.   By accessing Plaintiff(s)'s personal and private information, Weiss and the University wrongfully exercised dominion or control over Plaintiff(s)'s property, social media, images, videos, and related media, and that access was in denial of, or inconsistent with, Plaintiff(s)' rights therein.

307.   The aforementioned exercise of dominion or control was willful and malicious.

308.   Plaintiff(s) have incurred significant monetary and nonmonetary damages as a result of these Defendants wrongfully exercising dominion or control

47

over Plaintiff(s)' personal and private information all of which was in denial of, or inconsistent with, Plaintiff(s)' rights therein.

309.   Plaintiff(s) are entitled to exemplary damages as a result of these Weiss and the University wrongfully exercising dominion or control over Plaintiff(s)' property, in denial of, or inconsistent with, Plaintiff(s)' rights therein.

## <u>COUNT XV – VIOLATIONS OF MCL § 600.2919a</u><br><u>(Defendant Weiss)</u>

310.   Plaintiff(s) incorporate the allegations set forth above by reference with the same force and effect as if fully repeated.

311.   MCL § 600.2919a provides:

(1) A person damaged as a result of either or both of the following may recover 3 times the amount of actual damages sustained, plus costs and reasonable attorney fees:

(a) Another person's stealing or embezzling property or converting property to the other person's own use.

(b) Another person's buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property when the person buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property knew that the property was stolen, embezzled, or converted.

48

(2) The remedy provided by this section is in addition to any other right or remedy the person may have at law or otherwise.

312.   Plaintiff(s) allege the University and the Regents are vicariously liable for Weiss' violation of possessing, concealing, aiding the concealment of, stealing, and/or embezzling Plaintiff(s)' private and personal information and converting that information, those videos, and those images to those Defendants' own use by using that information for their own purposes.

313.   Under MCL § 600.2919a, Plaintiff(s) are entitled to 3 times actual damages, plus costs and reasonable attorney fees.

WHEREFORE, Plaintiff(s) request that the Court enter a judgment encompassing the relief requested above, plus significant compensatory damages exceeding $75,000.00 together with costs, interest and attorney fees, against Defendants, and such other relief to which they are entitled

Date: April 7, 2025                          Respectfully Submitted,

By: */s/ Robert J. Lantzy*
**ROBERT J. LANTZY (P57013)**
**SARAH L. GORSKI (P82899)**
BUCKFIRE LAW FIRM
Attorneys for Plaintiff
29000 Inkster Rd., Suite 150
Southfield, Michigan 48034
Direct (248) 234-9840
robert@buckfirelaw.com
sarah@buckfirelaw.com
Asst:  patti@buckfirelaw.com